UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-08417-SK                          Date: March 2, 2026

Title        Ariella Vaystukh v. Sprouts Farmers Market, LLC et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
| :---: | :---: |
|  Deputy Clerk  |  Court Reporter / Recorder  |
|  Attorneys Present for Plaintiff(s)/Petitioner(s):  |  Attorneys Present for Defendant(s)/Respondent(s):  |
|  None present  |  None present  |

**Proceedings:**        (IN CHAMBERS) **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF 13]**

**I.
BACKGROUND**

In February 2024, plaintiff Ariella Vaystukh burned her hand while grabbing a rotisserie chicken sold at the Burbank, California store owned and operated by defendant Sprouts Farmers Market LLC ("Sprouts"). (ECF 1-5 at 5). According to plaintiff, there was no warning on the chicken display indicating the surface would be hot and her hand touched the heat lamp when she grabbed a chicken bag. (*Id.*; ECF 14-7 at 5). Plaintiff, who was shopping alone, did not immediately realize she was injured and left the store without reporting the incident to any Sprouts employee. (ECF 14 at 6; ECF 14-7 at 4). Based on these allegations, in June 2025, plaintiff sued Sprouts and up to 50 unnamed "doe" employees in Los Angeles County Superior Court for negligence and premises liability. (ECF 1 at 2; ECF 1-5 at 5–6).

For its part, Sprouts timely answered the complaint (ECF 1-8), and the parties afterward exchanged discovery—including a statement of damages in which plaintiff calculated $17,600 in past special damages and estimated more than $2 million in past and future general damages. (ECF 1 at 4, 16). Claiming that plaintiff's statement of damages provided the relevant amount-in-controversy figure, Sprouts removed the case here in September 2025 about 11 days after receiving that damages statement. (ECF 1 at 4). In its notice of removal, Sprouts invoked federal diversity jurisdiction—alleging

CV-90 (03/15)                          Civil Minutes – General                          Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08417-SK                     Date: March 2, 2026

Title       Ariella Vaystukh v. Sprouts Farmers Market, LLC et al.

complete diversity of citizenship and an amount in controversy exceeding the $75,000 statutory threshold.  Plaintiff does not contend that Sprouts' removal was untimely under 28 U.S.C. § 1441(b)(3).  Instead, plaintiff moves for remand arguing that Sprouts failed to establish complete diversity of citizenship (including with the 50 "doe" defendants) and an amount in controversy exceeding the jurisdictional minimum.  (ECF 13).

For the reasons below, plaintiff's motion to remand is granted based on Sprouts' failure to establish the minimum amount-in-controversy by a preponderance of the evidence.

**II.**
**DISCUSSION**

Federal courts "are courts of limited jurisdiction."  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Under 28 U.S.C. § 1332(a), federal courts are given power to decide "diversity" cases involving state law between "citizens of different States" whose dispute involves more than $75,000 (the so-called amount-in-controversy).  That diversity jurisdiction can of course be invoked originally by the plaintiff in a lawsuit, but it can also be invoked by the defendant later—to remove a case from state court to federal court—so long as the same jurisdiction would exist if only plaintiff had chosen to sue in federal rather than state court first.  *See* 28 U.S.C. § 1441(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

At the same time, the removal statute is strictly construed against removal because federal courts—unlike state courts—are forums of limited rather than general jurisdiction.  *See More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  As a result, "any doubt about the right of removal requires resolution in favor of remand."  *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  That is why, as the removing party, Sprouts bears the burden of establishing diversity jurisdiction—including the amount in controversy—by a preponderance of the evidence when removal is challenged.  *See More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08417-SK                    Date: March 2, 2026

Title   Ariella Vaystukh v. Sprouts Farmers Market, LLC et al.

Cir. 2022).  The parties may submit "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal, *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), but any inferences from that evidence must be reasonable and grounded in the record.  *See Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

### A.  Complete Diversity of Citizenship Has Been Established

Plaintiff argues that Sprouts has not shown that its citizenship is diverse from that of plaintiff.  (ECF 15 at 6–7).  For purposes of diversity, a limited liability company is a citizen of each state in which its members are citizens.  *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011).  So to establish its citizenship, Sprouts produced a declaration from their Legal Claims Team Supervisor and the statement of information filed with the California Secretary of State.  *See Briggs v. Serv. Corp. Int'l*, 653 F. Supp. 3d 839, 845 (W.D. Wash. 2023) (declarations can satisfy the burden to show diversity of citizenship); *United Comp. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (affidavits from knowledgeable company officials satisfy the burden).  According to that unrefuted evidence, Sprouts' sole member is a citizen of Arizona, and its parent corporation is incorporated in Delaware and maintains its principal place of business in Arizona.  (ECF 1 at 3, 18–19; ECF 1-2).  Thus, Sprouts is a citizen of Delaware and Arizona, and complete diversity exists between the parties.  *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010).

Plaintiff cannot avoid that outcome by pointing to the unknown citizenship of the at least "50 doe defendants" nominally named in the complaint.  (ECF 1-5).  For starters, the general rule is that the citizenship of fictitious defendants is not considered for diversity-based removal.  *See* 28 U.S.C. § 1441(b); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  The limited exception to that rule is when "real party" doe defendants are named.  *Gardiner Family, LLC. v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015).  Such doe defendants are described with enough specificity to reveal their identity, their diversity-destroying citizenship, or other pertinent relationship to the action that might defeat complete diversity.  *See Sandoval v. Rep. Servs., Inc.*, 2018 WL 1989528, at *3–4 (C.D. Cal. Apr. 24, 2018); *Robinson v. Lowe's Home Ctrs., LLC*, 2015 WL 13236883, at *3 (E.D. Cal. Nov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08417-SK                     Date: March 2, 2026

Title      Ariella Vaystukh v. Sprouts Farmers Market, LLC et al.

13, 2015).  Sufficient identification could include a proper first name, a job title, or a description of a pertinent interaction.  *See, e.g.*, *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1084 (C.D. Cal. 2020); *Rodas v. Costco Wholesale Corp*, 2021 WL 5233526, at \*2 (C.D. Cal. Nov. 10, 2021) (collecting cases).  But here, plaintiff alleged no facts to identify any doe employees in this "real party" sense.  And she likely can't—she says that she was shopping alone and left the store without reporting the incident to any Sprouts employee.  Thus, plaintiff's mere conclusory allegation that the doe defendants "were [Sprouts'] agents or employees" (ECF 1-5 at 2) isn't enough to overcome the general rule ignoring fictitious defendants for diversity purposes, since that allegation is "so general that no clues exist as to their identity, citizenship, or relationship to the action."  *Gardiner*, 147 F. Supp. 3d at 1036.

## B.  Minimum Amount in Controversy Has Not Been Established

The amount in controversy needed to establish federal jurisdiction is the "amount at stake in the underlying litigation."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  It generally reflects the maximum recovery the plaintiffs could—not necessarily will—obtain.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).  It is intended only as a plausible estimate of the "total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  But "[w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."  *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000).  Thus, a plaintiff's estimate of damages produced in discovery must still be "sufficiently supported by details of the injuries claimed and clearly indicate[] that the amount in controversy exceed[s] the jurisdictional amount."  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).  A statement of damages will not establish the amount in controversy if it appears to be a "bold optimistic prediction," rather than a reasonable estimate of the claim.  *Amirkhanian v. Costco Wholesale Corp.*, 2020 WL 4747612, at \*3–4 (C.D. Cal. Aug. 17, 2020); *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08417-SK                          Date: March 2, 2026

Title       Ariella Vaystukh v. Sprouts Farmers Market, LLC et al.

Under California Code of Civil Procedure § 425.11, upon request, plaintiffs in personal injury actions must provide a statement of damages describing the nature and amount of damages sought.  Here, plaintiff explained that she incurred $17,600 in past medical expenses as a result of her burn injury—damages that can presumably be easily corroborated by medical records.  At the same time, though, plaintiff estimated that she suffered more than $2 million in past and future general damages, meaning proxy monetary damages for emotional and physical pain and suffering.  *See Sanchez v. United States,* 803 F. Supp. 2d 1066, 1073 (C.D. Cal. 2011).  Other than citing to that figure, Sprouts has adduced no credible evidence to prove—by a preponderance of the evidence—that plaintiff's damages will exceed $75,000, let alone reach $2 million. Perhaps it will, perhaps it won't—but it is Sprouts' burden to make that showing above the level of speculation.  Otherwise, plaintiff's threadbare claim of millions in general damages with no explanation how she reached those figures is just an overly optimistic prediction that cannot meet Sprouts' burden to establish the minimum amount in controversy.  *See, e.g.*, *Williams v. Costco Wholesale Corp.*, 2026 WL 280815, at *2 (C.D. Cal. Feb. 2, 2026); *Mata v. Home Depot U.S.A., Inc.*, 2022 WL 3586206, at *2 (C.D. Cal. Aug 22, 2022); *Romsa v. Ikea U.S. West, Inc.*, 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014).

**III.**
**CONCLUSION**

For these reasons, plaintiff's motion to remand this action to state court (ECF 13) is GRANTED.  The case is ordered REMANDED and the Clerk of the Court is ordered to transmit the record of this case to the Los Angeles County Superior Court in Case No. 25NNCV03969.  Meanwhile, the parties are ordered to notify the state court accordingly and to provide (or file) a copy of this order with the state court as needed.

IT IS SO ORDERED.